## KENNEDY v. WINFREY.

(Court of Civil Appeals of Texas. Dallas. Jan. 31, 1914. Rehearing Denied Feb. 28, 1914.)

1. Good Will (§ 7*)—Action to Enjoin—Consideration.

A petition, in an action to enjoin defendant from competing in a livery business, sold to plaintiff, alleging that defendant, in consideration of a certain sum in cash paid by plaintiff, sold and conveyed to plaintiff a livery business including horses, carriages, and good will, sufficiently alleged a consideration for the good will.

[Ed. Note.—For other cases, see Good Will, Cent. Dig. §§ 6–9; Dec. Dig. § 7.*]

2. Appeal and Error (§ 1050*)—Harmless Error—Admission of Evidence.

The admission of the testimony of a witness as to the obvious effect of the express terms of a written contract was harmless error, though such testimony was objectionable as a conclusion of the witness, and because the writing was the best evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

3. Witnesses (§ 379*) — Impeachment—Evidence.

In an action for damages and for injunction against defendant for breach of his sale of a livery business and its good will to plaintiff, statements contained in defendant's answer in a suit filed against him by a third person, to the effect that the building was to be used as a livery stable, was admissible to impeach defendant's sworn testimony that the building was not his.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1209, 1220–1222, 1247–1256; Dec. Dig. § 379.*]

4. Evidence (§ 273*)—Declarations.

Such statements were also admissible as a declaration that the building was his.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1108–1120; Dec. Dig. § 273.*]

5. Contracts (§ 88*)—Action for Breach—Burden of Proof—Consideration.

Where a party admits the execution of an instrument and then attempts to avoid it by showing failure of consideration or otherwise, the burden is on him to establish such defense.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 403–405, 407; Dec. Dig. § 88.*]

6. Good Will (§ 7*)—Breach of Contract.

In an action for damages and to enjoin breach of a contract whereby defendant had sold a livery business and its good will, evidence showing the sale and defendant's agreement not to engage in that business in the town for five years *held* to support a judgment for plaintiff.

[Ed. Note.—For other cases, see Good Will, Cent. Dig. §§ 6–9; Dec. Dig. § 7.*]

Appeal from District Court, Delta County; A. P. Dohoney, Judge.

Action by G. W. Winfrey against S. W. Kennedy, for damages for breach of contract and for injunction. Judgment for plaintiff, and defendant appeals. Affirmed.

Patteson & Patteson, of Cooper, for appellant. I. B. Lane, of Cooper, and B. B. Sturgeon and Wright & Patrick, all of Paris, for appellee.

RAINEY, C. J. G. W. Winfrey brought this suit against S. W. Kennedy to recover $2,000 for the breach of a contract by him, whereby he agreed not to engage in the livery business in the town of Cooper for the term of five years, and to restrain appellant from so doing during said period. Kennedy answered by general demurrer, special demurrers, general denial, and specially answers that at the time he sold to Winfrey said livery business Winfrey received full consideration for the contract of sale, and that he (Kennedy) received no consideration for the execution of the contract not to engage in the livery business, or enter into said business with any one else, for the term of five years in the town of Cooper.

A trial was had and resulted in a judgment for Winfrey for the sum of $500, and enjoining Kennedy for engaging in the livery business in the town of Cooper for the period of five years from August 2, 1911, from which judgment Kennedy prosecutes this appeal.

[1] Appellant complains of the trial court for not sustaining his fifth special demurrer, which, in effect, says that plaintiff does not allege that at the time said trade was made the good will was estimated to be of any value. Winfrey's suit is based on the following contract: "The State of Texas, County of Delta. Cooper, Texas, 8/2/1911. I, S. W. Kennedy, for the consideration of the sale of my livery business to Geo. Winfrey do agree with him that I will not enter into the livery business against him or go in with any one

else in opposition to him for a term of five years. S. W. Kennedy." The petition, among other things, alleged in substance that the defendant on that date, in consideration of the sum of $2,300 cash paid by the plaintiff, sold, assigned, transferred, and conveyed to the plaintiff his said livery business in Cooper, including horses, buggies, carriages, harness, bus, and good will of said livery business. The petition sufficiently alleged a consideration for the good will, and there was no error in overruling special demurrer No. 5.

[2] The third assignment of error is: "The court erred in permitting the plaintiff to prove by his witness, R. J. Thomas, in his examination in chief the following statements, to wit: Q. 'That was not an actual sale and transfer of the stable at that time—the sale was consummated afterwards? A. I think that contract was drawn merely to bind up what they agreed to do and specify the amount that each one was to pay in case either refused to comply with the contract.' At the time this question was asked and answered, the defendant objected because the same called for a conclusion of the witness on the contract and the contract was the best evidence of its contents." We do not think the answer could possibly have prejudiced appellant's case. The answer of the witness is not strictly in response to the question, and the contract pleaded by the appellant expressly stipulates that if either Kennedy or Winfrey failed to comply therewith they should forfeit a stipulated sum, and the witness truly stating the effect of said contract could in no wise have changed the result.

[3, 4] The fourth assignment is: "The court erred in overruling the objections of defendant and in permitting the plaintiff to read in evidence before the jury the following two clauses which were contained in a certain answer filed in a suit which T. T. Garrard had filed against the defendant in cause No. 1478 in the district court of Delta county, Tex., which are as follows, to wit: 'That said building was to be a galvanized iron building, the wall to be 12 feet in height, and that it was his purpose to use said building for a livery stable when completed in which to care for horses and buggies.' Also, 'defendant says it is his purpose to conduct and have conducted said stable in an orderly and sanitary manner.'" Appellant's contention is: "It is reversible error for the court to permit evidence before a jury that is immaterial and irrelevant in the case which is of such a nature as is liable to confuse or mislead the jury." This testimony was material as impeaching. He had sworn in this case that the building was not his, and in the suit of Garrard v. Kennedy he stated in a sworn answer that said building was his. The testimony was also admissible as a declaration that the building was his.

The fifth assignment is: "The court erred in the second paragraph of his charge to the jury wherein he said, 'If you believe from a preponderance of the evidence that, at the time the transaction between plaintiff and defendant for the purchase of said livery business was closed and the money paid by plaintiff, the defendant had not promised or stated to plaintiff that he would not go into the livery business in Delta county, and that the trade was closed without such agreement or understanding, then the agreement not to go into such business sued upon would be void for want of consideration, and you will find for the defendant.'" The contention by appellant is that: "It is reversible error for the court to place upon a party to the suit in his charge to the court a more onerous duty than the law places; the plaintiff proved the execution of the instrument sued on, also introduced the contract in writing of prior date which was under all the testimony the contract under which the sale of the livery stable was made, and which contained no reference·as to defendant not resuming the livery business, and the burden was then on the plaintiff to prove that the oral agreements were made prior thereto, and it was reversible error in the court to charge that the defendant had to establish by a preponderance that such oral agreements were not made."

[5] The law is well settled in this state that where a party admits the execution of an instrument, and then attempts to avoid it by showing a failure of consideration or otherwise, the burden is upon him to establish such defense.

[6] The ninth assignment of error attacks the judgment as not being supported by the evidence. We think this assignment is without merit. The evidence shows that appellant sold to Winfrey his livery business in Cooper, and agreed not to engage in said business alone or with any one else in the town of Cooper for a period of five years, for which he received a consideration. Having breached this contract, he is liable to appellee therefor. The amount of the verdict is not attacked as being excessive, so we conclude that the ninth assignment should be overruled.

Finding no reversible error, the judgment is affirmed.